ADVISORY OPINION IN RE SALES-TAX ELECTION OF 1969

(Filed 25 September 1969)

**Elections § 1—  general or special election — sales-tax election — submission of constitutional amendments**

> The sales-tax election to be held in each county on 4 November 1969 under the provisions of Session Laws of 1969, Ch. 1228, is not a general election within the meaning of N. C. Constitution, Art. XIII, § 2; consequently, the constitutional amendments proposed by the 1969 General Assembly should not be submitted to the voters at this election.

HIGGINS and LAKE, JJ., express no opinion.

---

STATE OF NORTH CAROLINA
GOVERNOR'S OFFICE
RALEIGH 27602

ROBERT W. SCOTT
  GOVERNOR

26 August 1969

TO:  THE CHIEF JUSTICE AND THE ASSOCIATE JUSTICES OF THE SUPREME COURT OF NORTH CAROLINA.

Chapter 1228 (S.B. 178) was enacted by the General Assembly of 1969 and is entitled:

"AN ACT ENABLING EACH OF THE COUNTIES OF THE STATE TO HOLD A SPECIAL ELECTION FOR THE PURPOSE OF CONSIDERING WHETHER A COUNTY SHALL OR SHALL NOT IMPOSE AND LEVY A SALES AND USE TAX OF ONE PER CENT (1%) UPON CERTAIN TAXABLE TRANSACTIONS."

The election provision of this Act contains the following:

"The board of elections of each county shall call and conduct a special election on Tuesday, November 4, 1969, for the purpose of submitting to the voters of each such county the question of whether a one per cent (1%) sales and use tax as hereinafter provided will be levied."

The board of elections of each county conducts the election and "The board of elections of each county shall prepare ballots for the special election . . ." The Act refers to this election in some two or three places as a "special election."

The General Assembly of 1969 enacted several acts by which constitutional amendments are to be submitted to the voters of the

State. A list of these proposed constitutional amendments appears in a letter of the Attorney General to me and a copy of this letter is hereto attached for reference to these proposed constitutional amendments.

One of the amendments is a lengthy proposal which represents a revision of the Constitution of North Carolina which is to be submitted as an amendment. Each of these proposed constitutional amendments contains language stating that the amendment "shall be submitted to the qualified voters of the State at the next general election. That election shall be conducted under the laws then governing elections in this State."

The question, therefore, arises whether the sales tax election above referred to is a general election which would require the constitutional amendments to be submitted to the voters of the State on Tuesday, November 4, 1969, or whether it is a special election and the constitutional amendments would, therefore, be submitted to the people at the general election to be held in November 1970. You will note that none of these proposed constitutional amendments provide for any other type of election other than "the next general election."

Article XIII, Section 2, of the Constitution of North Carolina provides as to amendments to the Constitution as follows:

"And the amendment or amendments so agreed to shall be submitted at the next general election to the qualified voters of the whole State, in such manner as may be prescribed by law."

The Attorney General advises me that he does not think that the sales tax election is a general election but that there may be some doubt about the matter.

The question is, however, of such great importance that I feel justified in seeking an opinion of the Supreme Court. Hence, I respectfully request, if in keeping with the proprieties and functions of the Court, an advisory opinion on the following question:

"Is the sales tax election to be held in each county on November 1969, under the provisions of S. L. 1969, Chapter 1228, a general election within the meaning of North Carolina Constitution Article XIII, Section 2, so that the constitutional amendments proposed by the 1969 General Assembly must be submitted to the voters at that time?"

Your opinion on this question will be highly appreciated and will guide the State officers on this highly important question as to when

these proposed amendments to the Constitution of this State should be submitted.

I shall await your response.

Sincerely and respectfully,<br>
ROBERT W. SCOTT

STATE OF NORTH CAROLINA<br>
DEPARTMENT OF JUSTICE<br>
P. O. Box 629<br>
RALEIGH<br>
27602

ROBERT MORGAN<br>
ATTORNEY GENERAL

26 August 1969

HONORABLE ROBERT W. SCOTT<br>
GOVERNOR OF NORTH CAROLINA<br>
STATE CAPITOL<br>
RALEIGH, NORTH CAROLINA

DEAR GOVERNOR SCOTT:

Chapter 1228 of the Session Laws of 1969 (S.B. 178) enacted a statute which required each of the counties of the State to hold a special election for the purpose of considering whether a county shall or shall not impose and levy a sales and use tax of one per cent (1%) upon certain taxable transactions. Actually, the counties are voting *for* or *against* a local sales tax for each county in which the election is held. The Act provides as follows:

> "The board of elections of each county shall call and conduct a special election on Tuesday, November 4, 1969, for the purpose of submitting to the voters of each such county the question of whether a one per cent (1%) sales and use tax as hereinafter provided will be levied."

Chapter 1258 of the Session Laws of 1969 (H.B. 231) is an Act to revise and amend the Constitution of North Carolina. This is a revision of the Constitution of the State but it is to be submitted to the voters as a constitutional amendment.

Chapter 1200 of the Session Laws of 1969 (H.B. 331) is an Act to amend the Constitution of North Carolina to revise Article V concerning State and local finance. This too is a lengthy amendment to be submitted to the people.

Chapter 1004 (H.B. 327) is an Act to Amend Article VI of the

North Carolina Constitution relating to the qualifications of individuals to register and vote in elections in North Carolina.

Chapter 872 of the Session Laws of 1969 (H.B. 465) is an Act to amend the Constitution of North Carolina to authorize the General Assembly to fix the personal exemptions for income tax purposes.

Chapter 827 of the Session Laws of 1969 (H.B. 562) is an Act to amend the Constitution of North Carolina to provide for a reassignment of escheats.

Chapter 932 of the Session Laws of 1969 (H.B. 568) is an Act to amend the Constitution of North Carolina to require the General Assembly to reduce the State Administrative Departments to 25 and to authorize the Governor to reorganize the Administrative Departments subject to legislative approval.

Chapter 1270 of the Session Laws of 1969 (S.B. 362) is an Act to amend the Constitution of North Carolina to require convening of extra Sessions of the General Assembly upon request of three-fifths of the members of each House.

All of these constitutional amendments, including the large one which represents a revision of the Constitution, contain the following language:

> "The amendment set out in Section 1 of this Act (or Sections 1 and 2 of this Act, as the case may be) shall be submitted to the qualified voters of the State at the next general election. That election shall be conducted under the laws then governing elections in this State."

The question, therefore, arises as to whether or not the election to be held under Chapter 1228 of the Session Laws of 1969 whereby each county is required to vote on the question of the sales tax is or is not a general election. If it is a general election, then the constitutional amendments above referred to would have to be submitted for a vote of the people of the State as to their approval or disapproval. If it is not a general election, then such amendments would not be submitted at the sales tax election which is to be held on Tuesday, November 4, 1969, but would be submitted at the general election to be held in 1970.

It is important, therefore, to know whether the sales tax election is a general election or not. I am of the opinion that the sales tax election is not a general election. The Act calls the election a "special election." It is held in each county by the board of elections of each county and counties may approve or reject the sales tax issue for each respective county according to the county vote.

ADVISORY OPINION IN RE SALES-TAX ELECTION OF 1969

It does not involve a single, unitary question submitted to the voters of the State at large by the State Board of Elections. There is, however, some doubt about the matter and the question as to the nature of this sales tax election should be resolved in an authoritative manner so we will know the correct legal procedure in submitting the constitutional amendments.

I suggest, therefore, that you ask the Supreme Court of North Carolina for an advisory opinion on this question. As you know, there is ample legal precedent for the Governor of North Carolina to request the Supreme Court for an advisory opinion on pressing matters of this nature.

With all good wishes and kind regards, I am

Sincerely,
ROBERT MORGAN

---

THE HONORABLE ROBERT W. SCOTT                    September 8, 1969
GOVERNOR OF NORTH CAROLINA
RALEIGH, NORTH CAROLINA

MY DEAR GOVERNOR SCOTT:

Your communication of 26 August 1969 requested an advisory opinion from the members of the Supreme Court of North Carolina on the following question: Is the sales-tax election to be held in each county on 4 November 1969, under the provisions of S. L. 1969, ch. 1228, a general election within the meaning of N. C. Const. Art. 13, § 2, so that the constitutional amendments proposed by the 1969 General Assembly must be submitted to the voters at that time?

The undersigned, each for himself and herself, expresses the opinion, after careful consideration and study, that the answer to the foregoing question is in the negative.

Respectfully,

R. HUNT PARKER,
*Chief Justice*

WILLIAM H. BOBBITT,
*Associate Justice*

SUSIE SHARP,
*Associate Justice*

JOSEPH BRANCH,
*Associate Justice*

J. FRANK HUSKINS,
*Associate Justice*

September 8, 1969

HONORABLE ROBERT W. SCOTT
GOVERNOR OF NORTH CAROLINA
STATE CAPITOL
RALEIGH, NORTH CAROLINA

DEAR GOVERNOR SCOTT:

It is our opinion that we, as Associate Justices of the Supreme Court of North Carolina, should not express our views concerning the law of the State governing any specific issue until that issue is presented to the Court for decision in an appropriate judicial proceeding between adversary parties to a justiciable controversy. Otherwise, as justices, when subsequently called upon to determine the same issue in such a proceeding, we may find ourselves embarrassed by an advisory opinion given without the benefit of argument and briefs. In that event, the litigant who takes a contrary view of the law might feel his case has been prejudged, thus denying him the benefit of his day in court.

Consequently, we reluctantly abstain from expressing our opinions concerning the interesting question propounded in your letter of August 24, 1969. Our failure to join in the response to your inquiry made by our associates upon the Court is not to be deemed an indication either of agreement or disagreement with any opinion expressed therein.

Respectfully yours,

CARLISLE W. HIGGINS,
I. BEVERLY LAKE,
*Associate Justices*